# LEE v. LEE.

Where an application for a commission to take the testimony of a witness residing out of the State was not accompanied by an affidavit as to the materiality of the testimony, and no cross-interrogatories were propounded, nor other act done waiving the required affidavit, the testimony will not be admissible.   C. P. 436.

The deposition of a witness taken under commission must be signed by him, or his mark must be affixed to it, at the time, to render it admissible in evidence.   C. P. 433.

It is no objection to evidence taken under a commission, that a previous commission obtained by the same party, for the examination of the same witness, had not been returned.   *Per Curiam :*  Where a party has reason to believe that a commission has been lost, or will not be executed, he is bound, in the exercise of due diligence, to cause another to be issued.

APPEAL from the District Court of Catahoula, *Curry*, J.   *G. S. Sawyer*, for the appellant.   *Purvis*, for the defendant.

The judgment of the court was pronounced by

KING, J.   This action was instituted by the plaintiff to recover an undivided interest of three-fourths in six slaves, which he alleges he acquired by a purchase made jointly with the defendant, in the State of Mississippi.   Pending the suit, the plaintiff conveyed his rights to the slaves in controversy to *Bolenhagen*, who intervened, and caused himself to be made a party.   The cause was submitted to a jury, who gave a verdict for the defendant, and from the judgment rendered thereon, the intervenor, after an ineffectual application for a new trial, appealed.

Before proceeding to the merits, it becomes necessary to consider objections which have been urged to some of the evidence admitted on the trial below. The plaintiff applied for a commission to take the testimony of *Britton Gandy*, a witness residing out of the State, without accompanying his application with an affidavit of the materiality of the testimony. The answers of the witness, received under this commission, were objected to for that reason, and on the further ground, that the witness had not signed his depositions. Both objections are fatal. Code of Practice, arts. 433, 436. The interrogatories were not crossed, and no other act was done waiving the the required affidavit. The original deposition has been brought up, and it is manifest that the signature of the witness, which is by ordinary mark, was not written at the same time, or with the same ink, or by the same hand, with the body of the depositions. It has all the appearance of an omission, which there has been a subsequent attempt to supply. No explanation has been offered of this suspicious appearance of the signature, although the objection was formally made, many months before the trial of the cause. This testimony was improperly admitted in the court below, and will be disregarded when we consider the case upon its merits. The defendant caused the same witness to be examined under a commission, and his answers are objected to, on the grounds : 1st. That the commission issued without a previous affidavit of the materiality of the testimony. 2d. That the genral order of the court for taking testimony out of the State had expired, as a term of the court intervened between the time when it was granted and that when the commission issued. 3d. That a previous commission had issued, on the application of the defendant, to examine the same witness, which had not been returned.

Previously to the issuing of this commission, an order was made in open court, apparently upon the joint application of the parties, " that the parties have leave to take testimony generally in and out of the State." This order is without limitation as to the time of its duration, and did not require to be renewed at each successive term of the court. Granted in this manner it dispensed the parties from the necessity of accompanying their applications for commissions, with the affidavit required by art. 436 of the Code of Practice. The defendant was not required to await the return of a commission previously issued, before taking out a second to examine the same witness. There is no restraint upon litigants in this respect. On the contrary, when a party has reason to believe, that a commission has been lost, or that it will not be executed, it is incumbent on him, in the exercise of the diligence enjoined by law in obtaining testimony, to cause another to issue.

The depositions of *Johnson* were also objected to by the plaintiff, on the ground that the commission issued without an affidavit of the materiality of the testimony. This commission was obtained after the order already adverted to had been granted to take testimony generally. The objection to the testimony of these witnesses was correctly overruled.

The plaintiff claims under a written transfer, made in the State of Mississippi, in 1825, to which he alleges he was a party. The act was not produced on the trial, being, as it appears, on file in a suit pending in chancery in the State of Mississippi, whence it could not be withdrawn. The only testimony in regard to it shows conclusively, that the plaintiff was no party to it. Failing to show title in the manner claimed in his petition, the plaintiff next relies on alleged confessions of the defendant, that he was the joint owner of an interest of

LEE
v.
LEE.

three-fourths in the slaves, which acknowledgments, he contends, are binding upon the defendant, the sale having been made in the State of Mississippi, where slaves are personal property, transferrable by verbal conveyances.

One of the witnesses deposes, that the defendant stated that the plaintiff had a right in the slaves in controversy, but no written title. A second, that defendant said, he and plaintiff had purchased the slaves together, and that the plaintiff had paid his part of the price, but that he had no title. On the other hand, the plaintiff declared that, if his name did not appear in the written sale, he had no interest in the slaves. This is the substance of the testimony in support of the plaintiff's claim, as founded upon the defendant's confessions.

The evidence shows that the slaves were transferred, in 1825, to the defendant for $200, of which $150 were paid in cash, and the remainder in a horse, which belonged to the plaintiff. The plaintiff remained in Mississippi until 1840, fifteen years after the date of the sale, during which time he does not appear ever to have had possession of the slaves, or to have asserted any title to them whatever. He first set up claim to them after his and their removal to this State. The only possession which he seems ever to have had of any of them was, while engaged, apparently as agent, in moving them to this State, and for a short time after, and, on a subsequent occasion, when he ran them off to the parish of Rapides, where they were recovered. The jury, with this evidence, rejected the plaintiff's claim, and we are of opinion that the testimony justified the verdict.

The defendant is alleged to be in possession. It therefore devolved upon the plaintiff to show title in himself. He has shown none. The only sale to which the testimony refers was to the defendant alone. The presence, and acquiescence of the plaintiff, for fifteen years, in an adverse possession, without asserting title, [affords the strongest presumption that the right of property was in accordance with the written transfer, and that any rights, which the plaintiff may have supposed he had, were not those of ownership, but to be reimbursed the value of his effects given in part payment of the price of the slaves.

*Judgment affirmed.*